IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LUCIANA HALES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR INJUNCTIVE RELIEF**<br><br>Case No. 2:25-cv-01014-RJS<br><br>District Judge Robert J. Shelby |

　　　　Before the court is Plaintiff Luciana Hales's Expedited Motion for Preliminary Injunctive Relief (Motion).[1] For the reasons explained below, the court DENIES the Motion.

### BACKGROUND

　　　　Hales brought this action on November 5, 2025, asserting a violation of the Americans with Disability Act (ADA) and a violation of her Due Process rights under the United States Constitution.[2] Hales alleges that a Utah state court may deny her necessary disability accommodations.[3]

　　　　In her Complaint, she seeks a permanent injunction requiring "the State of Utah, Utah District Court, and Juvenile District Court to provide appropriate and reasonable ADA accommodations for ALL court hearings and interactions with State organs" and "the Utah Division of Child and Family Services and Child Protective Services to provide a Transliterator and frequent pauses as reasonable accommodations for Plaintiff in all situations where she is

---

[1] Dkt. 1, *Verified Expedited Motion for Prelimary* [sic] *Injunctive Relief* (*Motion*).

[2] Dkt. 2, *Verified Complaint for Injunctive Relief (Permanent)* (*Complaint*) at 7–8.

[3] *See id.* ¶¶ 6–46.

1

communicating with them or being asked to communicate with them, in person or on the phone."[4]

Along with the Complaint, Hales contemporaneously filed the Motion seeking preliminary injunctive relief.[5] Hales asks the court to enjoin "the Juvenile District Court from adjudicating the Request for an ADA accommodation in so close proximity to the permanency hearing so as to make it impossible, near impossible, or overly burdensome to obtain an accommodator prior to the adjudication of Permanency, or Termination."[6]

## LEGAL STANDARD

The court must have subject matter jurisdiction to hear a case.[7] The court has "an independent obligation" to examine whether it has subject matter jurisdiction and may thus raise the issue sua sponte.[8] For the court to have subject matter jurisdiction, there must be "a case or controversy" for it to adjudicate, which requires a plaintiff to demonstrate standing.[9] To do so, she must establish (1) she has suffered an injury in fact (2) "fairly traceable to the challenged conduct" that (3) a favorable judicial decision is likely to redress.[10] An injury in fact is one "that is concrete and particularized and actual or imminent, not conjectural or hypothetical."[11] The plaintiff "bears the burden of establishing standing."[12] To satisfy this burden when seeking a

---

[4] *Id.* at 8.

[5] *See Motion*.

[6] *Id.* at 11.

[7] *See S. Furniture Leasing, Inc. v. YRC, Inc.*, 989 F.3d 1141, 1145 (10th Cir. 2021) (first quoting U.S. Const. art. III, § 2; and then citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016)).

[8] *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (citation omitted).

[9] *S. Furniture Leasing*, 989 F.3d at 1145.

[10] *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1160 (10th Cir. 2023) (quoting *Carney v. Adams*, 592 U.S. 53, 58 (2020)).

[11] *Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 813 (10th Cir. 2021) (citation modified).

[12] *Carney*, 592 U.S. at 59.

preliminary injunction, "the plaintiff must make a clear showing that she is likely to establish each element of standing."[13]

## ANALYSIS

The court finds it must deny the Motion because Hales has failed to meet her burden to establish the injury in fact and redressability components of standing.

First, according to Hales's Motion and Complaint, the state court has not yet ruled on her request for disability accommodations.[14] This court is unable to discern how the possibility that the state court could rule against Hales rises above conjecture. An injury must be actual or imminent, and here, it is merely speculative based on Hales's allegations.

Second, Hales has not presented sufficient argument that this court has jurisdiction to redress her alleged injuries. Unless an exception applies, this court is generally prohibited from enjoining state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283.[15] Here, the Motion fails to acknowledge the Anti-Injunction Act or argue the application of any exception.[16] Hales has therefore failed to "make a clear showing" that this court "is likely" to be able to redress her alleged harms.[17] Accordingly, the court must deny the Motion.

---

[13] *Murthy v. Missouri*, 603 U.S. 43, 58 (2024) (citation modified).

[14] *See Complaint* at 6; *Motion* at 6.

[15] *Tooele County v. United States*, 820 F.3d 1183, 1186 (10th Cir. 2016).

[16] *See Motion*.

[17] *Murthy*, 603 U.S. at 58. The court notes additional reasons why Hales's Motion fails. Hales asks the court to enjoin acts by the Utah District Court, the Juvenile District Court, the Utah Division of Child and Family Services, and the Child Protective Services. *Complaint* at 8; *Motion* at 11. But Hales has only named the State of Utah as a Defendant in this action. *Complaint*. For one, Hales has not provided the court with any legal authority suggesting she is entitled to injunctive relief against a State itself, even assuming the State's sovereign immunity is abrogated for ADA suits as Hales alleges. *See Motion* at 2. Second, while Hales alleges the separate entities are "agencies" of the State of Utah, Hales has not provided the court with any legal authority demonstrating the court has jurisdiction to enjoin their actions, either. *Id.* Hales has therefore failed to meet her burden to establish standing for these independent reasons.

3

## CONCLUSION

For the reasons explained above, Plaintiff's Motion is DENIED.[18]

SO ORDERED this 7th day of November 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[18] Dkt. 1.